IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE COMPANY | : : | |
| *Plaintiff*, | : : | CIVIL ACTION |
| v. | : : | |
| LOUIS G. MOSTAK at al., | : | No. 15-1033 |
| *Defendants*. | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                       JUNE 21, 2016

A bench trial to determine the rightful beneficiary of life insurance proceeds payable on a policy on the life of Michael Mostak is scheduled to commence on June 23, 2016. Presently before the Court is Louis Mostak's Motion *in Limine* (Doc. No. 37), seeking to invoke the Pennsylvania Dead Man's Act, 42 Pa. C.S.A. § 5930, to preclude Barbara Deeley from offering any testimony at trial. For the reasons discussed below, the Court will deny the motion.

## I. FACTUAL BACKGROUND[1]

The only substantive issue in dispute in this case is the identity of the proper beneficiary of a life insurance policy issued on or about October 9, 2009 on the life of Michael Mostak. The policy initially named the insured's son, B.M., a minor, as the beneficiary, and Barbara Deeley, as the successor beneficiary. A change of beneficiary form was subsequently submitted on or about August 12, 2010, changing the primary beneficiary under the policy to Marie Mostak, the insured's mother, and identifying B.M. as the successor beneficiary. Michael Mostak died on July 19, 2014. Marie Mostak predeceased him on February 15, 2014.

---

[1] The following facts are drawn from the allegations contained in the complaint. So far, despite repeated instructions from the Court, the parties have failed to provide a joint stipulation of material facts.

Following Michael Mostak's death, his brother, Louis Mostak, submitted to the insurer, State Farm, a second change of beneficiary form, which Louis Mostak contends Michael Mostak executed on May 8, 2014. This form identifies Louis Mostak as the primary beneficiary under the policy. Ms. Deeley, who is alleged to be B.M.'s guardian, claims that this second change of beneficiary form is fraudulent.

On February 27, 2015, State Farm filed an interpleader action against Louis Mostak and Barbara Deeley, on behalf of B.M, with regards to the policy. In the complaint, State Farm claims no title or interest in the funds payable under the policy and states that it is ready to pay the funds to the proper beneficiary. State Farm states, however, that it cannot make a determination as to the appropriate beneficiary under the policy without exposing itself to potential multiple or double liability and, consequently, seeks a judicial determination as to the beneficiary under the policy. State Farm subsequently filed a motion for leave to deposit the proceeds of the policy with the Court. This motion was granted, the funds were deposited, and the Court released State Farm from the case.

What remains, therefore, is to determine the proper beneficiary under the policy. A bench trial was initially scheduled to commence on March 14, 2016. This was subsequently rescheduled to May 2, 2016. On the eve of trial, Louis Mostak filed a motion *in limine* seeking to exclude the testimony of Ms. Deeley. Shortly after the motion was filed, the trial was again rescheduled, this time to June 23, 2016. On June 21, 2016, Ms. Deeley submitted a response in opposition to the motion *in limine*.

## II. ANALYSIS

Louis Mostak argues that the Pennsylvania Dead Man's Act bars Ms. Deeley from offering any testimony in this matter, due to the fact that her interest is adverse to that of the deceased, Michael Mostak.

The Dead Man's Act creates an exception to the general rule in Pennsylvania that no "interest merely in the question on trial, nor any other interest, or policy of law . . . shall make any person incompetent as a witness." 42 Pa. Stat. and Cons. Stat. Ann. § 5921 (West); s*ee Larkin v. Metz,* 398 Pa. Super. 235, 239-40, 580 A.2d 1150, 1152 (Pa. Super. 1990). "The rationale behind the Dead Man's Act is that the law should not permit the surviving party to testify since he could lie and attempt to testify favorably to himself and adversely to the deceased party, knowing the other party is incapable of contradicting the fallacious testimony." *In re Fiedler*, 2016 Pa. Super. 3, 132 A.3d 1010, 1024 (Pa. Super. 2016) (citing *Punxsutawney Mun. Airport Authority v. Lellock*, 745 A.2d 666, 670 (Pa. Super. 2000). The Act itself provides that:

> Except as otherwise provided in this subchapter, in any civil action or proceeding, where any party to a thing or contract in action is dead . . . and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased . . . shall be a competent witness to any matter occurring before the death of said party . . . .

42 Pa. C.S.A. § 5930 (West). "The party challenging the competency of a witness has the burden of proving incompetency." *Juna v. Reis*, No. 11-02263, 2013 WL 10739705, at *1 (Pa. Com. Pl. Sept. 10, 2013) (citing *Estate of Rider*, 409 A.2d 397, 399 (Pa.1979)).

In order for the Act to apply, and thereby prevent an interested witness from offering testimony, three conditions must exist. First, the deceased must have had an actual right or interest in the matter at issue. Second, the interest of the challenged witness must be adverse to

3

the interests of the deceased.  And finally, a right of the deceased must have passed to a party of record who represents the deceased's interest.  *See Keegan v. Fahnestock & Co.*, No. 95-5998, 1996 WL 530000, at *5 (E.D. Pa. Sept. 16, 1996) (citing *Estate of Rider*, 409 A.2d at 399)).

Mr. Mostak has failed to carry his burden of showing that Ms. Deeley should be precluded from testifying pursuant to the Act.  Principally, Mr. Mostak has failed to identify the "actual interest" Michael Mostak has in the distribution of the insurance proceeds at issue.  In the briefing, Louis Mostak simply asserts, without explanation, that Ms. Deeley has a "pecuniary interest in the current matter, and this interest is directly adverse to the decedent, Michael Mostak."  While Ms. Deeley certainly has an interest in the distribution of the proceeds of the policy to B.M., for whom she is apparently the guardian, and this interest is certainly adverse to Louis Mostak's, there is no basis in the record to conclude that Michael Mostak, or his estate, has any relevant interests in the dispute between the two competing defendants named in this litigation.

The dispute is a simple matter of determining the proper beneficiary under a life insurance contract.  Unlike the cases cited by Louis Mostak in support of his motion, the facts here do not involve any property or interests of the deceased or his estate.   The "alleged beneficiary of the insurance policy. . . does not represent any interest of [the deceased] within the meaning of the [dead man statute]."  *Cipriani v. Sun Life Ins. Co. of Am.*, 757 F.2d 78, 82 (3d Cir. 1985) (citing *Gritz v. Gritz*, 336 Pa. 161, 7 A.2d 1 (Pa. 1939); *Grasso v. John Hancock Mutual Life Insurance Company*, 206 Pa. Super. 562, 214 A.2d 261 (Pa. Super. 1965)).  Michael Mostak never had any right to a benefit under the life insurance contract.  The benefit in question is either to be paid to B.M., as the successor beneficiary following the death of Marie Mostak, or to Louis Mostak as the primary beneficiary listed on the change of beneficiary form.  *C.f. Gritz*,

336 Pa. at 163, 7 A.2d at 2.  Obviously, while Michael Mostak could have canceled the policy while he was alive, or named a different beneficiary, he could never have been the beneficiary himself.  Given that, there is no right of the deceased implicated based upon these facts, the Pennsylvania Dead Man Act is not applicable. Rather, the dispute here is between two living parties, both of whom are fully capable of testifying.

Because Louis Mostak has failed to provide any basis for concluding that Michael Mostak has any interest in this matter, the Court will deny the motion on this basis.  The Court need not proceed to analyze the interests of Ms. Deeley or determine what, if any, rights passed to Louis Mostak.  These issues comprise the substance of the dispute which will be addressed at trial.  Likewise, the Court need not consider Ms. Deeley's counter argument regarding the applicability of *devisavit vel non.*

The only other authority offered by Louis Mostak in support of his motion to preclude Ms. Deeley's testimony is a cursory citation to Rule 403 of the Federal Rules of Evidence.  Mr. Mostak does not identify what specific testimony from Ms. Deeley he purports to challenge under Rule 403.  Given this, the Court is unable to weigh the probative value of such testimony against its prejudicial effect.  The Court therefore also denies the motion on the basis of Rule 403.

### III. CONCLUSION

For the reasons outlined above, the Court will deny the Louis Mostak's Motion *in Limine*. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

5